UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL HENRY POULIN, | ) |
| *Plaintiff* | ) ) ) ) |
| v. | ) No. 2:14-cv-529-JHR |
| CAROLYN W. COLVIN, *Acting Commissioner of Social Security,* | ) ) ) ) |
| *Defendant* | ) |

### MEMORANDUM DECISION[1]

This Social Security Disability ("SSD") appeal challenges the administrative law judge's treatment of the opinion of a treating medical professional. I affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2014 (the "date last insured"), Finding 1, Record at 14; that, before the date last insured, he suffered from depression, anxiety, and posttraumatic stress disorder ("PTSD"), impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on December 16, 2015, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me preside over this action, including the entry of judgment. ECF No. 18.

in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id*. at 15; that, before the date last insured, he had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, except that he could understand and remember simple instructions, could execute simple tasks on a consistent schedule, could interact with coworkers and supervisors, but not the general public, and could adapt to occasional, routine changes in the workplace, Finding 5, *id*. at 16; that he was unable to perform any past relevant work, Finding 6, *id.* at 20; that, considering his age (54 years old on his amended alleged disability onset date (April 6, 2010)),[2] education (at least high school), work experience, and RFC, and using the Medical-Vocational Rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision-making, there were jobs existing in significant numbers in the national economy before his date last insured that he could perform, Findings 7-10, *id*. at 20-21; and that he, therefore, had not been disabled from April 6, 2010, through the date of the decision, July 26, 2013, Finding 11, *id*. at 22. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

      The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

---

[2] The administrative law judge noted that the plaintiff, born April 15, 1955, was 53 years old on the original alleged disability onset date of March 15, 2009. Nothing turns on the difference.

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The plaintiff contends that the administrative law judge should have given controlling weight to the opinions of Luke Ballenger, M.D., the plaintiff's treating psychiatrist, including his opinion that the plaintiff "could not work." Plaintiff's Statement of Errors ("Itemized Statement") (ECF No. 13) at 3-5. The administrative law judge said the following about Dr. Ballenger's opinions:

> . . . Dr. Luke Ballenger opined in March 2012 that the claimant could not work (Ex. 15F, pg. 1). Dr. Ballenger also opined in June 2013 that the claimant had marked limitations in his ability to remember locations and procedures, understand and remember detailed instructions, carry out detailed instructions, maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance and punctuality, work in coordination with or proximity to others without distraction, complete a normal workday or workweek without interruption, accept instructions, respond to criticism[,] get along with coworkers without distracting them, and respond appropriately to changes in the work setting (Ex. 21F, pgs. 1-2). The undersigned grants little weight to both opinions from Dr. Ballenger. First, Dr. Ballenger does not specifically address what the claimant can or cannot do. Second, these opinions are not supported by the longitudinal medical record, which indicates that the claimant retained normal speech, behavior, thought, memory, concentration, judgment, and insight throughout the period at issue. Finally, the issue of whether an individual is "disabled" or "unable to work" under the Social Security Act and Regulations is one that is exclusivity reserved to the Commissioner (Social Security Ruling 96-5p). Because of these reasons, Dr. Ballenger's opinions are given little weight.

Record at 19.

To begin, this court has frequently held that the question of whether a claimant is "able to work," "employable," or "disabled" is reserved to the commissioner under 20 C.F.R. § 404.1527(d)(1), and, therefore, the decision of the administrative law judge to give Dr. Ballenger's opinion to that effect little weight cannot be error. *E.g., Anderson v. Astrue*, No. 1:11-cv-476-DBH, 2012 WL 5256294, at *7 (D. Me. Sept. 27, 2012).

Next, it is incorrect to suggest, as the plaintiff does, that the administrative law judge said that "there is no evidence in the longitudinal medical record to support Dr. Ballenger's findings[.]" Itemized Statement at 4. The administrative law judge said only that Dr. Ballenger's opinions were not supported by the longitudinal medical record. Record at 19. So long as there is substantial evidence in the record to support the administrative law judge's conclusion, it is his or her role to weigh any conflicting evidence before reaching a conclusion about the weight to assign to a given medical professional's opinion. *See, e.g., Ball v. Social Sec. Admin. Comm'r*, No. 2:14-cv-61-JDL, 2015 WL 893008, at *4 (D. Me. Mar. 2, 2015) ("[T]his court has held that an administrative law judge may not only pick and choose among different expert's opinions but also adopt only a portion of an expert's opinion[.]"); *Gagnon v. Colvin*, No. 2:13-cv-00213-NT, 2014 WL 3530629, at *4 (D. Me. July 15, 2014) ("The issue before the court is whether substantial evidence supports the administrative law judge's conclusions, not whether another person who reviewed the same evidence might come to different conclusions.").

The plaintiff recites evidence that he believes supports Dr. Ballenger's conclusions, Itemized Statement at 3-6, but there is also evidence that is inconsistent with those conclusions, making it impossible to assign Dr. Ballenger's conclusions controlling weight. 20 C.F.R. § 404.1527(c)(2). That evidence includes the opinions of two state-agency reviewing

4

psychologists, cited by the administrative law judge, Record at 19, 486, 517, and the opinions of two other state-agency psychologists. *Id*. at 87-88, 98-99.

I note as well that some of the limitations included in the plaintiff's RFC by the administrative law judge are not inconsistent with those submitted by Dr. Ballenger. Dr. Ballenger said that the plaintiff was "moderately limited" in his ability to understand and remember simple instructions and "markedly limited" in his ability to understand and remember detailed instructions, *id*. at 711, and the RFC includes a limitation to understanding and remembering simple instructions, *id*. at 16. Dr. Ballenger said that the plaintiff was only moderately limited in his ability to interact appropriately with the general public, *id*. at 712, while the RFC bars interaction with the general public, *id*. at 16.

Also notable is the fact that Dr. Ballenger does not provide any narrative or citation to any medical records on the mental RFC form that he filled out, despite the directive on the form to do so. *Id*. at 713. *See Swift v. Astrue*, Civil No. 08-280-B-W, 2009 WL 902067, at *3 (D. Me. Mar. 31, 2009).[3]

The plaintiff also cites the diagnoses assigned to him by Philip S. Pierce, Ph.D., as evidence that requires rejection of the RFC assigned to him by the administrative law judge. Itemized Statement at 4. A diagnosis of a "serious mental illness," Record at 532,[4] or "serious psychopathology," *id*. at 558, does not support any particular limitation on work-related activities, particularly when the diagnosing medical professional identifies no such limitations. *See Dowell*

---

[3] At oral argument, the plaintiff's attorney argued that unspecified Social Security regulations require an administrative law judge who does not give "greater weight" to the opinions of a treating physician to point to specific evidence that undermines the physician's opinions. He cited no authority in support of this argument, and I am aware of none. Social Security regulations require an administrative law judge to give "good reasons" for the weight he or she assigns to a treating professional's opinions, 20 C.F.R. § 404.1527(c)(2); that can be accomplished without citation of specific medical evidence in the record.

[4] Dr. Pierce's statement that the plaintiff "continues to be unemployable," Record at 532, carries little weight both because it is an opinion on an issue reserved to the commissioner, as discussed earlier, and because no specific, supporting limitations are mentioned.

*v. Colvin*, No. 2:13-cv-246-JDL, 2014 WL 3784237, at *3 (D. Me. July 31, 2014).  To conclude that these two diagnosis statements from Dr. Pierce, separated by four months, "make [Dr. Pierce and Dr. Ballenger's] opinions consistent over time," Itemized Statement at 5, requiring remand, would only be possible if the administrative law judge (or this court) were to draw conclusions from raw medical evidence, which is expressly forbidden by Social Security law.  *E.g.*, *Swift*, 2009 WL 902067, at *4.[5]

## II.  Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED**.

Dated this 28th day of December, 2015.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[5] The same is true of the assertion by the plaintiff's attorney at oral argument that the administrative law judge in this case erred by choosing to rely on medical evidence that was "not as strong as" the medical evidence upon which the plaintiff would have him rely.  The strength of medical evidence, like the weight to be given to any particular piece of medical evidence, is a matter for the administrative law judge to determine, not for the courts or the parties.

6